UNITED STATES DISTRICT COURT
DISTRICT OF THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BAAN RAO THAI RESTAURANT<br>2110 10th St., SW,<br>Minot, ND 58701<br><br>Somporn PHOMSON<br>38/1 Moo 9, San Klang Subdistrict,<br>San Pa Tong District, Chiangmai, Thailand<br><br>Napaket SUKSAI,<br>64/2 Moo 1 Ban Mon, San Klang Subdistrict<br>San Kamphaeng District, Chiangmai, Thailand<br><br>       Plaintiffs,<br><br>       v.<br><br>Michael R. POMPEO, Secretary of the<br>U.S. Department of State<br>Executive Office, Office of the Legal Adviser<br>Suite 5.600<br>600 19th Street, NW<br>Washington, DC 20522<br><br>UNITED STATES OF AMERICA<br><br>       Defendants. | Case No. 1:19-cv-58 |

**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF**

**Introduction**

Plaintiffs are a Thai restaurant in Minot, North Dakota and two of the restaurant's experienced Thai chefs. The U.S. Embassy in Bangkok previously issued visas to Mr. Phomson and Ms. Suksai to work for the restaurant. They both performed well and the restaurant recently sought new visas for them. But the consular officials denied the applications for new E-2 treaty investor visas, unlawfully, arbitrarily, and capriciously, for no apparent reason other than that they decided chefs can never show that they are essential employees, notwithstanding these

applicants' prior experience and authorization in the same category.  Plaintiffs also assert that the Defendant exceeded its authority under the treaty of commerce between the United States and Thailand by requiring the employees to show they are essential to the restaurant's operations, and by imposing unreasonable and discriminatory criteria to deny them E-2 visas. As a result of the denials, Baan Rao Thai Restaurant is struggling to maintain its hours and stay in business due to a shortage of qualified chefs to prepare the culturally unique cuisine it serves to the public.

## Jurisdiction and Venue

1. The Court has subject matter jurisdiction in this action pursuant to: 28 U.S.C. §§ 1331 (federal question jurisdiction); 1346(a)(2) (United States as a defendant); and 2201 (declaratory judgments).

2. This action arises under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701-706 (judicial review to declare agency actions unlawful and order relief); the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(15)(e) (defining E-2 workers); the State Department's regulations governing E-2 workers, 9 Foreign Affairs Manual § 402.9-7; and the Treaty of Amity and Economic Relations, May 29, 1966, U.S. – Thailand, Art. II, 19 UST 5843 (stating that nationals of the parties shall have free access to courts of justice in the other party on terms no less favorable than those provided to nationals of the other party).

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e). The Defendant, U.S. Department of State, is resident in this District.

## The Parties

4. Plaintiff BAAN RAO THAI RESTAURANT (Baan Rao) is a Thai restaurant in Minot, North Dakota that has been in business since 2008.  It was founded to serve an

increasingly sophisticated U.S. customer base with an interest in international cuisine and relies on chefs who specialize in preparing Thai dishes. It is a sole proprietorship owned by Ms. Walaya Watanaboonyakhet who is herself a treaty investor in E-2 status since 2008.

5. Plaintiff Somporn PHOMSON is a native and citizen of Thailand. He has been a chef specializing in Thai cuisine for over seven years. In addition to working for Baan Rao in E-2 status for nearly six years, he also worked for a restaurant in Thailand and spent many years as a self-employed Thai chef in Thailand providing catering services from his home.

6. Plaintiff Napaket SUKSAI is a native and citizen of Thailand. She has been a chef specializing in Thai cuisine for over five years both with Baan Rao in E-2 status from 2010 to 2012 and with restaurants in Thailand from 2014 to 2018.

7. Defendant Michael R. POMPEO is the Secretary of the U.S. Department of State, the agency responsible for the administration of U.S. embassies and consulates around the world, including the U.S. Embassy in Bangkok, Thailand, which denied the visa applications in this case. He is sued in his official capacity only.

8. The Defendant is an agent of and represents the UNITED STATES OF AMERICA.

**Statement of the Facts**

9. Mr. Phomson and Ms. Suksai have both been in the United States previously in E-2/essential employee status to work as Thai specialty chefs for Baan Rao.

10. Mr. Phomson was initially granted an E-2 visa and admitted to the United States in E-2 status in 2012. He successfully applied to U.S. Citizenship and Immigration Services

(USCIS) to extend his E-2 status twice, in 2014 and 2016. Ms. Suksai was granted an E-2 visa and admitted to the United States in E-2 status from 2010 to 2012.

11. In 2017 the USCIS California Service Center (CSC) denied Mr. Phomson's most recent application for an extension of E-2 status, claiming (as does the U.S. Embassy in Bangkok now) that Mr. Phomson was not an essential employee. After Baan Rao challenged that decision in the U.S. District Court for the Central District of California, Case No. 17-4206, the CSC reopened and approved the E-2 extension, which extension of status was valid until October 1, 2018.

12. In June 2018, Mr. Phomson and Ms. Suksai applied at the U.S. Embassy in Bangkok for new E-2 visas as essential employees of Baan Rao. Mr. Phomson was on a trip to visit family in Thailand and needed to apply for a new E-2 visa stamp in his passport. Ms. Suksai was attempting to return to her previous employment at Baan Rao to replace another Thai chef who had left.

13. With their applications, both applicants provided evidence demonstrating that they are "responsible employees" as required by the treaty between the U.S. and Thailand, *see infra* at paragraphs 18 and 19, and that their services as Thai specialty chefs are essential to Baan Rao's operation. In particular, they provided support letters from Ms. Watanaboonyakhet, the owner and manager of Baan Rao, explaining the importance and essentiality of qualified Thai chefs to her restaurant's continuing operation.

14. On or about July 11, 2018, the Embassy denied Mr. Phomson's and Ms. Suksai's visa applications after concluding that each "did not meet all of the requirements of an E-2 essential employee as specified in 9 FAM 402.9-7." Exhibit 1. The Embassy did not specify in what way Mr. Phomson or Ms. Suksai did not meet the requirements.

15. Mr. Phomson and Ms. Suksai then reapplied for E-2 visas at the Bangkok Embassy in September 2018, again providing the evidence mentioned in paragraph 13 *supra*.

16. They also provided an additional statement from Ms. Watanaboonyakhet explaining the shortage of qualified Thai chefs in Minot, North Dakota and that she has had to close the restaurant one additional day each week because she has not been able to employ Mr. Phomson and Ms. Suksai. She further explains that, while anyone can follow a recipe, it takes experience with preparing Thai cuisine to successfully create new recipes, improve the menu, and execute existing recipes with nuance to provide the best experience for customers.

17. The Embassy again denied Mr. Phomson's and Ms. Suksai's applications. It did not clearly specify why it determined that they were not eligible for the visas. But, on information and belief, a consular officer or officers at the U.S. Embassy in Bangkok reportedly told Mr. Phomson and Ms. Suksai that new rules prevent the Embassy from issuing E-2 visas to chefs as essential employees.

**Treaty, statutory, and regulatory scheme regarding E-2 nonimmigrants**

18. The United States has a treaty of commerce with Thailand, which was signed on May 29, 1966 and entered into force June 8, 1968. 19 UST 5843. The treaty provides that citizens of Thailand may enter the United States to direct the operations of a business in which they have made a substantial investment. *Id*., Art. I, §1(b). The treaty also provides for entry by employees sharing the same nationality as the investor: "The provisions of (b) above shall be construed as extending to a national of either Party seeking to enter the territories of the other Party solely for the purpose of developing and directing the operations of an enterprise in the territories of such other Party *in which his*

5

*employer has invested* or is actively in the process of investing a substantial amount of capital, *provided that* such employer is a national or company of the same nationality as the applicant and that *the applicant is employed by such national or company in a responsible capacity.*" (emphasis supplied). Other provisions provide generous treatment to encourage economic investment by requiring fair and equitable treatment to nationals of each country, and prohibiting any unreasonable or discriminatory measures that might impair investor's rights under the treaty. *Id.*, Art. III.

19. It also provides that "Nationals . . . of either Party shall have free access to courts of justice and administrative agencies within the territories of the other Party, in all degrees of jurisdiction, both in the defense and in the pursuit of their rights. Such access shall be allowed on terms no less favorable than those applicable to nationals . . . of such other Party . . . ." *Id.*, Art. II.

20. The Immigration and Nationality Act provides that a foreign national may enter the United States temporarily as a non-immigrant visitor if he or she is "entitled to enter the United States under and in pursuance of a treaty of commerce and navigation between the United States and the foreign state of which he is a national . . . solely to develop and direct the operations of an enterprise in which he has invested, or is actively in the process of investing, a substantial amount of capital." 8 U.S.C. § 1101(a)(15)(E)(ii).

21. The U.S. State Department's regulations on the issuance of E-2 visas further specify that E-2 visas may be issued to certain employees of enterprises that represent a substantial investment by a foreign national provided that both the principal investor and the employee are nationals of the same country, that that country has entered into a treaty with the United States like that mentioned in paragraph 18, *supra*, and that the principal

investor is either living abroad or living in the United States in E-2 status. 9 Foreign Affairs Manual § 402.9-7.

22. Among the types of employees who qualify for E-2 visas under the State Department's regulations are those who "have special qualifications that make the service to be rendered essential to the efficient operation of the enterprise." *Id*. § 402.9-7(C)(a).

23. In order to determine whether a foreign national's skills are adequately specialized to meet this requirement, consular officers are directed to consider several factors, including:

   (a) The experience and training necessary to achieve such skill(s)
   (b) The uniqueness of such skills;
   (c) The availability of U.S. workers with such skills;
   (d) The salary such special expertise can command;
   (e) The degree of proven expertise of the alien in the area of specialization; and
   (f) The function of the job to which the alien is destined.

   *Id*. § 402.9-7(C)(c)(1).

## Causes of Action

### I.   Administrative Procedure Act

24. The Department of State erred as a matter of law and acted arbitrarily and capriciously in denying the E-2 essential employee visa applications of Baan Rao Thai Restaurant on behalf of Somporn Phomson and Napaket Suksai.

25. Mr. Phomson and Ms. Suksai meet the requirements for this visa, and the Department of State provided no rational explanation for denying their applications, and no evidence that it considered the relevant factors as stated in the applicable regulations.

26. The Department of State also erroneously applied a blanket determination that chefs never can be essential employees of an E-2 enterprise.

27. For these reasons the Department of State violated the Administrative Procedure Act with respect to Mr. Phomson's and Ms. Suksai's E-2 visa applications and caused substantial hardship to them and to Baan Rao, which is now unable to fully staff its kitchen with qualified Thai chefs, and faces loss of business, income, clientele, and reputation.

## II.   Ultra Vires Requirement in Violation of the Treaty

28. The State Department's requirement that an employee demonstrate he is "essential" to the treaty investor's business imposes requirements not found in, and inconsistent with, the treaty's description of visa status for nationals of either party who are "employed in a responsible capacity." It imposes unreasonable conditions on treaty investors in violation of the treaty provisions.

### Prayer for Relief

WHEREFORE, plaintiffs Somporn Phomson, Napaket Suksai, and Baan Rao Thai Restaurant request that the Court:

1. Declare the Defendants' actions to be unlawful and in violation of the Administrative Procedure Act and specific provisions of the treaty of commerce between the United States and Thailand.

2. Order the Defendants to take such corrective action as may be appropriate including, but not limited to, reversing its decision to deny Mr. Phomson's and Ms. Suksai's E-2 visa applications.

3. Grant such further relief, including declaratory and injunctive relief, attorney fees, and costs of this action, as may be just, lawful, and equitable.

Dated this 10th day of January, 2019.

Respectfully submitted,

/s/ Thomas K. Ragland
Thomas K. Ragland
Local Counsel for Plaintiffs
D.C. Bar No. 501021
Clark Hill PLC
1001 Pennsylvania Ave., NW
Suite 1300 South
Washington D.C. 20004
Telephone: (202) 552-2360
Fax: (202) 552-2384
tragland@clarkhill.com

/s/ Scott D. Pollock
Scott D. Pollock[1]
Scott D. Pollock & Associates, P.C.
105 West Madison Street, Suite 2200
Chicago, IL 60602
Telephone: 312-444-1940
Fax: 312-444-1950
spollock@lawfirm1.com

---

[1] Application for admission *pro hac vice* to be filed shortly.